UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALAN GRIFFIN and | ) | |
| SUZANNE GRIFFIN, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-30142-KPN |
| | ) | |
| | ) | |
| | ) | |
| TOWN OF AGAWAM, | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER WITH REGARD TOPLAINTIFFS'
MOTIONS TO PROCEED *IN FORMA PAUPERIS,*
TO STAY HOUSING COURT'S MOTION TO ENFORCE
REMOVAL OF GOATS (Document Nos. 2, 3, and 5), AND
SCREENING OF COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)
August 26, 2013

NEIMAN, U.S.M.J.

For the reasons set forth below: (1) Alan Griffin and Suzanne Griffin's

("Plaintiffs") Applications to Proceed in District Court Without Prepaying Fees or Costs

are allowed; (2) Plaintiffs' Motion to Stay is denied; and (3) within 35 days of the date of

this Memorandum and Order, Plaintiffs shall demonstrate good cause why this action

should not be dismissed for the reasons stated below or they shall file a second

amended complaint curing the pleading deficiencies noted herein.

I. BACKGROUND

On August 2, 2013, Plaintiffs, residents of Agawam, Massachusetts, filed their

self-prepared complaint accompanied by individual Applications to Proceed in District

Court Without Prepayment of Fees or Costs.  The Town of Agawam ("the Town") is

named as sole defendant.  *See* Complaint ("Compl.").  Plaintiffs allege that they keep goats on their farmland and that Suzanne Griffin needs raw goats milk because she suffers from colitis.  Id. at ¶ 1.  Plaintiffs allege that they are both disabled.  Id.  The Town wants the goats removed from Plaintiffs' property and, most recently, Judge Judith Cutler of Boston Land Court ordered removal of the goats.  Id.

On August 22, 2013, Plaintiffs filed a motion to stay and an amended complaint. *See* Docket Nos. 5, 6.  These pleadings indicate that the Town plans to file in Housing Court on September 9, 2013, motions to enforce the court order to remove Plaintiffs' goats.  Id.   As suggested by the exhibits accompanying the motion to stay, the dispute concerning Plaintiffs' goats began sometime in 2006.  See Docket No. 5.  At that time, the Town sought to have Plaintiffs remove the goats from their property on North Street and the Housing Court entered an order requiring Alan Griffin to remove the goats.  *See* Docket No. 5-1, p. 2.  It appears that settlement discussions in 2012 between the Town and Plaintiffs' attorney would have limited the number of goats on the Plaintiffs' property.  *See* Docket No. 5-4.  The court assumes that the settlement was not reached. Thereafter, Plaintiffs were advised by letter dated August 16, 2013, that the Town will seek to enforce the 2006 Order requiring Plaintiffs to remove the goats and to allow the Agawam Building Department to enter the property for the purpose of removing the goats.  *See* Docket No. 5-1, p. 1.

On the basis of these allegations, Plaintiffs seek to assert a civil rights claim alleging discrimination.  *See* Am. Compl., Docket No. 6.  Plaintiffs seek to have this federal court "stay the Housing Court's Motion to Enforce Court Order to remove goats from plaintiff's property/farmland on 9-9-2013."  *See* Pl. Mot. Stay, Docket No. 5.

## II. DISCUSSION

### A. Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs

A party bringing a civil action must either (1) pay the $400.00 filing and administrative fees when filing the complaint, or (2) file an Application to Proceed Without Prepayment of Fees.  *See* 28 U.S.C. § 1914(a) (filing fees)($350.00 filing fee for all non-habeas civil actions), 28 U.S.C. § 1915 (proceedings *in forma pauperis*); Judicial Conference Fee Schedule ($50.00 administrative fee became effective May 1, 2013).

The court has reviewed the Applications of Plaintiffs and has determined that they are unable to pay the cost of commencing this action.  Accordingly, leave to proceed *in forma pauperis* is granted pursuant to the provisions of 28 U.S.C. 1915(a).

### B. Motion to Stay

Plaintiffs' Motion to Stay seeks to have this court stay the Housing Court's hearing on the Town's motion to enforce the court order to remove Plaintiffs' goats.  *See* Pl. Mot. Stay, Docket No. 5.  To obtain the extraordinary remedy of preliminary injunction, a plaintiff must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Voice of The Arab World v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011).  Likelihood of success on the merits is the critical factor in the analysis.  *Weaver v. Henderson*, 984 F.2d 11, 12 (1 st Cir.1993) (citations omitted).

A party seeking an *ex parte* temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or

that party's attorney can be heard in opposition to the motion.  Fed. R. Civ. P. 65(b)(1)(A).  Even where a plaintiff makes a showing of "immediate and irreparable" injury, the court cannot issue a temporary restraining order without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1) (B).

Here, Plaintiffs have not certified their efforts to give notice to the Town of their request for injunctive relief or explained why such notice should not be required.  These failures are grounds, in and of themselves, for denial of the motion.  *See, e.g., In re River Valley Fitness One, LP*, 297 B.R. 354, 355 (D. N.H. 2003) (denying injunctive relief where party did not submit verified complaint or affidavit); *Thompson v. Ramirez*, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties).  Additionally, no preliminary injunction shall be issued without notice to the adverse party, *see* Fed. R. Civ. P. 65(a)(1).  Moreover, Plaintiffs will have the opportunity to contest the Town's motion before the Housing Court on September 9, 2013.

Finally, the court finds that the allegations are insufficient to show a likelihood of success on the merits.  Upon review of the amended complaint, the court finds that it is subject to dismissal.  *See Infra.*, ¶ IV.  Thus, the court will deny Plaintiffs' Motion to Stay.

C.  Screening

When plaintiffs are permitted to proceed without prepayment of the filing fee, summonses do not issue until the court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  This statute authorizes federal courts to dismiss actions in which plaintiffs seek to proceed without prepayment

4

of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In determining whether a complaint states a claim, the court accepts as true the well-pleaded allegations in the complaint and takes reasonable inferences in the plaintiff's favor. *Martino v. Forward Air, Inc.*, 609 F.3d 1, 2 (1st Cir. 2010). Dismissal is only appropriate if the pleadings, so viewed, fail to support "'a plausible entitlement to relief.'" *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)).

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).[1]

In conducting this review, the court must view a *pro se* plaintiff's allegations liberally and apply a less stringent standard to a *pro se* pleading than to a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. New Eng.*

---

[1] Consistent with the relevant standard, the court has considered the public records submitted by Plaintiffs as attachments to the motion to stay, which relate to the related state court litigation.

*Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).  Nonetheless, *pro se* plaintiffs must comply

with the applicable procedural and substantive rules of law and dismissal remains

appropriate when the complaint fails to suggest an actionable claim.  *Overton v.*

*Torruella*, 183 F. Supp. 2d  295, 303 (D. Mass. 2001).

As best can be gleaned from the allegations in the amended complaint, Plaintiffs

complain of "discrimination" and the violation of their "civil rights."  However, the

amended complaint does not specify which federal or constitutional rights the Town

allegedly violated.  Though not entirely clear from any of the pleadings, the basis for

Plaintiffs' claims appears to be simply Plaintiffs' desire to have their goats remain on

their property so that Suzanne Griffin can secure raw goat milk.[2]

The Fourteenth Amendment guarantees equal protection under the law and

protects individuals from government deprivation of life, liberty, and property without due

process of law.  U.S. Const. amend. XIV.  Section 1983 creates a cause of action

against those who, acting under color of state law, violate federal constitutional or

statutory law.  *See* 42 U.S.C. § 1983.[3]  To prevail, plaintiffs must show that "the

challenged conduct [is] attributable to a person acting under color of state law" and that

"the conduct must have worked a denial of rights, secured by the Constitution or by

---

[2] The court notes that in their civil cover sheet Plaintiffs invoke the jurisdiction of
this court on the basis of diversity.  There is no diversity of citizenship in this matter.

[3] 42 U.S.C. § 1983 provides that:
> Every person who under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law ....

federal law.  *Soto v. Flores*, 103 F. 3d 1056, 1061 (1st Cir.), *cert. denied*, 522 U.S. 819,

118 S.Ct. 71, 139 L.Ed.2d 32 (1997).  Under *Monell v. Dept. of Soc. Servs.*, 436 U.S.

658, 690–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), local governing bodies, such as the

Town of Agawam, may be sued under Section 1983 only when the unconstitutional act

implements an official policy or custom.

The claims asserted in this case all stem from Plaintiffs' desire to have their

goats remain on their property so that Suzanne Griffin can secure raw goat milk for her

colitis.  In support of their claim of disability, Plaintiffs submitted (1) a letter from

Suzanne Griffin's doctor, (2) Suzanne Griffin's prescription for goat milk, (3) a copy of

the Town 2013 Annual Street Listing identifying Plaintiffs as disabled.  *See* Exhibits,

Docket Nos. 5-1 - 5-5.

After careful review of the pleadings, the court finds that the amended complaint

fails to allege any facts that suggest Plaintiffs were denied due process or subjected to

selective treatment based upon a Town policy or custom.  Plaintiffs offer no supporting

facts to satisfy the enhanced pleading standard set out in *Twombly*.  Even giving

Plaintiffs the benefit of any doubt, it is difficult to find the kernel of a Section 1983 claim

against the Town of Agawam.

Moreover, the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971),

creates an exception to the general rule that "federal courts must exercise their

jurisdiction and decide cases brought before them."  *Mass. Delivery Ass'n v. Coakley*,

671 F.3d 33, 40 (1st Cir. 2012).  The *Younger* doctrine generally requires a federal court

to abstain from hearing a case "'when the requested relief would interfere (1) with an

ongoing state judicial proceeding; (2) that implicates an important state interest; and (3)

that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge.'" *Mass. Delivery*, 671 F.3d at 40 (quoting *Rossi v. Gemma*, 489 F.3d 26, 34–35 (1st Cir. 2007)).  Under the *Younger* doctrine of abstention, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights," *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved *somewhere* in the state process," *Maymó–Meléndez v. Alvarez–Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, adjudicating Plaintiffs' claims would inappropriately intrude in a pending state proceeding.[4]  The court has no reason to believe that Plaintiffs cannot raise their alleged claims somewhere in the state court proceedings.  Therefore, the court finds that *Younger* abstention requires dismissal of the amended complaint.

Accordingly, in light of the pleading deficiencies, this action is subject to dismissal.  Because *pro se* plaintiffs are generally afforded an opportunity to cure a deficient complaint, Plaintiffs are granted thirty-five days to do so.

<u>ORDER</u>

---

[4]To the extent Plaintiffs seek to challenge a final state court judgment, such a challenge would be barred by the doctrine of claim preclusion.  Massachusetts law governs the preclusive effect of a prior state court judgment. *Giragosian v. Ryan*, 549 F.3d 59, 63 (1st Cir. 2008). Claim preclusion, also known as *res judicata*, prevents the relitigation of claims that a party "had the opportunity and incentive to fully litigate ... in an earlier action." *Id.*  Similarly, Plaintiffs' claims would be barred by issue preclusion, or *collateral estoppel*, which prohibits relitigation of any factual or legal issue that was decided in previous litigation and applies where "(1) the issues raised in the two actions are the same; (2) the issue was actually litigated in the earlier action; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was necessary to that judgment." *Manganella v. Evanston Ins. Co.*, 700 F.3d 585, 591 (1st Cir. 2012).

Based on the foregoing, it is hereby Ordered that:

1.      Plaintiffs' Applications (Docket Nos. 2, 3) to Proceed in District Court Without Prepaying Fees or Costs are ALLOWED.

2.      Plaintiffs' Motion to Stay (Docket No. 5) is DENIED.

3.      Within 35 days of the date of this Memorandum and Order, Plaintiffs shall demonstrate good cause why this action should not be dismissed for the reasons stated above or they shall file a second amended complaint curing the pleading deficiencies noted herein.  Failure to comply with the directives contained in this Memorandum and Order may result in a dismissal of this action.

4.      No summonses shall issue pending further Order of the Court.


SO ORDERED.

Dated: August 26, 2013

                                                                 /s/   Kenneth P. Neiman
                                                                KENNETH P. NEIMAN
                                                                U.S. Magistrate Judge