UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


ALAN GRIFFIN and            )
SUZANNE GRIFFIN,            )
        Plaintiffs          )
                            )
            v.              )    C.A. NO. 13-CV-30142-MAP
                            )
TOWN OF AGAWAM,             )
        Defendant           )


MEMORANDUM AND ORDER REGARDING
REPORT AND RECOMMENDATION WITH REGARD TO
PLAINTIFFS' MOTION FOR RECONSIDERATION ON
MOTION TO STAY, AND REGARDING DISMISSAL OF THE ACTION
(Dkt. Nos. 10 & 11)

October 9, 2013

PONSOR, U.S.D.J.

    Plaintiffs have brought this lawsuit, purportedly as a

civil rights action, against the Town of Agawam, challenging

the Massachusetts Housing Court's order that their goats be

removed from their property.  On August 22, 2013, Plaintiffs

filed a motion to stay enforcement of the Housing Court's

order of removal (Dkt. No. 5).  This motion was denied in a

memorandum and order by Magistrate Judge Kenneth P. Neiman

on August 26, 2013 (Dkt. No. 7).

    Judge Neiman's detailed memorandum explained that

Plaintiffs' complaint offered no basis for any civil rights

action and, further, that the Supreme Court's decision in

Younger v. Harris, 401 U.S. 37 (1971), barred lawsuits of

this sort where a parallel state court proceeding was already addressing the identical issues.  Bending over backwards to accommodate Plaintiffs, who are representing themselves, Judge Neiman gave Plaintiffs thirty-five days to file an amended complaint addressing the apparent deficiencies in their original pleading.  Absent this, Judge Neiman indicated that he would be recommending dismissal of this lawsuit pursuant to 28 U.S.C. § 1915(e)(2).

On September 17, 2013, Plaintiffs filed a Motion for Reconsideration of the denial of their Motion to Stay (Dkt. No. 10).  On the same day, Plaintiffs filed their amended complaint (Dkt. No. 9).

On September 19, 2013, Magistrate Judge Neiman issued his Report and Recommendation regarding the Motion for Reconsideration (Dkt. No. 11).  This recommendation noted, correctly, that Plaintiffs' second amended complaint failed to cure the pleading deficiencies noted in the original ruling denying the Motion to Stay.  Nothing in the amended complaint supported a conclusion that Plaintiffs suffered any violation of their civil rights, and the Abstention Doctrine set forth in the Younger case clearly barred any federal court proceeding in the face of the pending state court action.  Based upon this, Judge Neiman recommended that the Motion for Reconsideration be denied and that this

case be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Upon de novo review, this court hereby ADOPTS Judge Neiman's Report and Recommendation (Dkt. No. 11).  It must be noted that the pleadings submitted by Plaintiffs in this case are, as a threshold matter, very difficult to decipher. What emerges very clearly from a review of them, however, is that no colorable claim of any violation of civil rights has been articulated.  Moreover, given the pendency of state court proceedings, Younger bars any action by this court to interfere with the state court proceeding.

For all these reasons, Plaintiffs' Motion for Reconsideration, (Dkt. No. 10) is hereby DENIED.  Pursuant to the court's power under 28 U.S.C. § 1915(e)(2), this case is hereby ordered DISMISSED.  The clerk is ordered to enter a judgment of dismissal.  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge